En el Tribunal Supremo de Puerto Rico

| Departamento de la Familia en interés de los menores:  R.P.S., M.P.S., C.J.N.S. y G.S. Ana Delgado, María Teresa González y José Cátala, etc.<br><br>      Demandante-Recurridos<br><br>      .V<br><br>Michelle Shrivers Otero<br><br>      Demandada-peticionaria | Certiorari<br><br>TSPR98-44 |
|---|---|

Número del Caso: CC-97-31

Abogados Parte Peticionaria: Lic. Abimael Hernández Martínez
Clínica de Asistencia Legal
Universidad Interamericana

Abogados Parte Recurrida: Lic. Ana López Prieto

Hon. Carlos Lugo Fiol
Procurador General
Lic. Mayra J. Serrano
Procuradora General Auxiliar

Lic. Carlos E. Soltero Rigau

Lic. Roberto A. Rivera Ruiz

Lic. Carlos H. Rodríguez Freire


Abogados Parte Interventora:

Tribunal de Instancia:  Menores, Sala de San Juan

Juez del Tribunal de Primera Instancia: Hon. Raymond J. Russo Correa

Tribunal de circuito de Apelaciones: Circuito Regional I – San Juan

Panel integrado por los Hons.:      Rodríguez de Oronoz, Pres.
                                     Arbona Lago
                                     Gilberto Gierbolini


Fecha: 4/17/1998

Materia: Custodia


      Este documento constituye un documento oficial del Tribunal
      Supremo que está sujeto a los cambios y correciones del
      proceso de compilación y publicación oficial de las

decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Departamento de la Familia
en interés de los menores;
R.P.S., M.P.S., C.J.N.S.
y G.S.
Ana Delgado, María Teresa
González y José Cátala
Cátala – Hogares Sustitutos                CC-97-31       Certiorari
   Demandante y Recurridos

          v.

Michelle Shrivers Otero,
Madre biológica
   Demandado y Peticionaria

PER CURIAM

San Juan, Puerto Rico, a 17 de abril de 1998.

En el presente caso se nos solicita que dejemos sin efecto la sentencia del Tribunal de Circuito de Apelaciones, Panel Regional de San Juan, en la que se ordenó la celebración de un nuevo procedimiento de custodia, sin que dicho foro pasara juicio sobre la corrección y validez del procedimiento de custodia que se estaba impugnando en la apelación que tenía ante su consideración. Revocamos.

I.

El caso de autos comenzó en el año 1991, cuando el Departamento de Servicios Sociales, hoy Departamento de la Familia (en adelante

Departamento), comenzó un procedimiento, a tenor con la Ley Núm. 75 del 28 de mayo de 1980,8 L.P.R.A. sec. 401 *et seq*, dirigido a privar a Michelle Shrivers Otero de la custodia de sus cuatro hijos menores de edad. En virtud de dicho procedimiento, el entonces Tribunal de Distrito ordenó la remoción de los menores de su hogar y la transferencia de su custodia al Departamento.[1] Los menores fueron ubicados temporeramente en hogares de crianza.

En el año 1995, el Tribunal de Primera Instancia ordenó la restitución de dos de los hijos, R.P.S. y M.P.S. al hogar de su madre biológica, luego de que se estipulara por el Departamento, el Procurador de Asuntos de Menores y la representación legal de Shrivers Otero que ésta se había rehabilitado de la adicción a drogas que en un principio causó la pérdida de la custodia de sus cuatro hijos menores de edad.

Sin embargo, los otros hijos, C.J.N.S. y G.S., no fueron entregados a su madre biológica, Shrivers Otero, porque los hogares sustitutos donde residían objetaron la orden del tribunal de instancia a esos efectos. Con el propósito de dilucidar lo referente a la custodia de estos menores, el Tribunal de Primera Instancia celebró varias vistas evidenciarias en las cuales permitió la intervención de los padres de crianza en dicho procedimiento de restitución de custodia. El tribunal a quo escuchó los testimonios de los peritos presentados por todas las partes- incluso por los hogares sustitutos-, los de las trabajadoras sociales que trabajaron en el caso y los testimonios de los padres de crianza.

Luego de examinar la extensa evidencia documental, analizar los resultados de los exámenes psicológicos realizados tanto a los menores como a su madre biológica y de considerar la prueba desfilada en las vistas, el tribunal de instancia determinó que los menores podían reintegrarse a su núcleo familiar biológico, por entender que servía a

---

[1] Sobre la legalidad del procedimiento de remoción de los menores de su hogar que se siguió en el en el presente caso, este Tribunal se pronunció en El Pueblo de Puerto Rico en interés de los menores R.P.S., M.P.S. y C.J.N.S., Opinión y Sentencia de 22 de julio de 1993,__ D.P.R.__ (1993).

los mejores intereses de los menores dicho curso de acción. Por tal razón ordenó la entrega de los menores C.J.N.S. y G.S. a Shrivers Otero; y el cierre y archivo del caso.

Los hogares sustitutos, inconformes con la determinación del Tribunal de Primera Instancia, presentaron ante el Tribunal de Circuito de Apelaciones sendas mociones en auxilio de jurisdicción en las cuales solicitaron la paralización de la orden del foro de instancia y anunciaron que se proponían presentar un recurso al respecto. Las mociones fueron denegadas por no haber un recurso radicado que justificara la intervención del foro apelativo.

Eventualmente, los hogares sustitutos presentaron los recursos correspondientes. En síntesis impugnaron la apreciación de la prueba testifical y pericial que hizo el foro de instancia. También sostuvieron que el grado de intervención que les reconoció el foro de instancia no fue el adecuado.

El Tribunal de Circuito ordenó la consolidación de los recursos y denegó nuevas mociones en auxilio de jurisdicción por tardías ya que en ambas se solicitaba la suspensión de los efectos de la orden del foro de instancia, pero la madre biológica en ese momento ya había asumido la custodia legal y física de los menores. Asimismo el Tribunal de Circuito ordenó la elevación de los autos del caso y le solicitó al Procurador General que presentara el alegato correspondiente. Finalmente, el Tribunal de Circuito determinó que el Departamento debía realizar cada quince días una monitoría del núcleo familiar de Michelle Shrivers Otero, de forma que se pudiera "evaluar constantemente el bienestar de los menores".

Posteriormente, el Procurador General solicitó la transcripción de los testimonios de los peritos y de los testigos que testificaron en las vistas evidenciarias celebradas por el foro de instancia ya que su contenido le era indispensable para poder formular su posición con relación a los errores señalados por los hogares sustitutos. Solicitó

además, la designación de peritos para corroborar el informe evaluativo sometido por el Departamento ante el foro apelativo. Similares peticiones hicieron los hogares sustitutos. El Tribunal de Circuito nada dispuso sobre estas solicitudes.

Dentro de este trámite apelativo, el 17 de diciembre de 1996, comparecieron ante el Tribunal de Circuito los hogares sustitutos apelantes y solicitaron que mientras el recurso apelativo era considerado se les permitiese relacionarse con los menores. Sobre este aspecto, el Tribunal tampoco se expresó.

Así las cosas, el Tribunal de Circuito de Apelaciones dictó una sentencia resolviendo de la siguiente forma:

> *Conforme a ello, se expide el auto de certiorari en las causas de epígrafe y se ordena el traslado del expediente JC 91-56 de Asuntos de Menores, al Tribunal de Primera Instancia, Sala Superior de San Juan, Asuntos de Relaciones de Familia, para que allí se tramite y adjudique este asunto como un caso de custodia de menores en los que aquí "apelantes" actuarán como peticionarios. En tal trámite el Tribunal de Primera Instancia tomará las medidas cautelares pertinentes, resolverá cualquier asunto interlocutorio que soliciten las partes y tramitará todo el(sic) asunto respecto a la custodia de los menores. En el trámite ordinario y plenario, que ordenamos a estos efectos se lleve a cabo, los padres afectivos, Ana M. Delgado y los esposos María Teresa González y José Cátala Cátala, tendrán derecho a participar como parte actora o peticionaria y estarán facultados para presentar prueba testifical, documental y pericial. Igual derecho tendrá la Sra. Michelle Shrivers Otero y el Departamento de la Familia. El Tribunal de Primera Instancia resolverá finalmente el asunto conforme a derecho, la prueba practicada y según lo requiera el mejor interés y bienestar de los menores.*
>
> *Se aclara, que la determinación tomada por el Tribunal Superior, Sala de Menores- mediante la cual se devolvió la custodia de los menores a la madre biológica, Sra. Shriver Otero- permanece en todo vigor y efecto, hasta que otra cosa pueda resolver el Tribunal de Primera Instancia en el trámite independiente de custodia, que en forma plenaria se ordena aquí iniciar ante la Sala de Familia del Tribunal Superior.*

Inconforme con esta sentencia la representación legal de Michelle Shrivers Otero recurre ante nos y sostiene que el foro apelativo erró al revocar "sub-silentio" la determinación del foro de instancia sin pasar juicio sobre los méritos del recurso que tenía ante su consideración.

II.

El Tribunal de Circuito de Apelaciones se creó con el propósito de concederle a todos los litigantes un derecho de apelar ante un foro de jerarquía superior todas las sentencias finales dictadas por el Tribunal de Primera Instancia. De esta forma la Asamblea Legislativa concedió a todos los ciudadanos el derecho de apelación en los casos civiles y criminales "extendiéndose a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión que había sido tomada por un solo juez." Véase la Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994.[2]

Como foro apelativo intermedio, el Tribunal de Circuito tiene la función principal de revisar las decisiones del foro de instancia para asegurarse de que las mismas son justas y que encuentran apoyo en la normativa establecida por este Tribunal. En ese sentido se ha señalado que:

> The intermediate court is usually viewed as having primary- and perhaps exclusive- responsibility for fulfilling the error-correcting and justice-doing purpose. The highest court is viewed as serving primarily the law development and supervisory purposes, often referred to as institutional review. This allocation of responsibility in a bi-level appellate system is not always airtight or tidy. Intermediate courts cannot completely ignore doctrinal development, and supreme courts are not oblivious to errors and injustices affecting only the parties. Yet the concept of differing roles does influence in large measure the decision-making atmosphere in the two types of appellate courts. _Appellate Courts, Staff and Process in the Crisis of Volume_, 1974, pág.3.

A la luz de estos propósitos, el foro apelativo tiene que revisar los procedimientos del foro de instancia para determinar si éste aplicó el derecho correctamente y si se siguieron los procedimientos dispuestos por el ordenamiento procesal:

> The appellate courts have two functions: to review individual cases to assure that substantial justice has been rendered, and to formulate and develop the law for general application in the legal system. In a court system having no intermediate appellate level, both functions are performed by the supreme courts, or a similar

---

[2] La Ley Núm. 21 de 31 de agosto de 1992, derogada por la Ley Núm. 11 de 2 de junio de 1993, identificó las siguientes funciones de un tribunal apelativo: (a) corregir errores del Tribunal sentenciador; (b) servir como agente catalítico en las revisiones de la doctrina y de la ley; (c) advertir sobre problemas que plantea una ley; (d) destacar situaciones que requieran reglamentarse por la Asamblea Legislativa; (e) señalar al Tribunal Supremo áreas en que se hace imperativo el cambio; (F) permitir que el Tribunal Supremo pueda tener mayor desahogo y pueda servir al máximo de agente en su función social de pautar e interpretar el derecho; (g) ayudar en la congestión de casos al Tribunal Supremo.

*court with a different name. In systems having an intermediate appellate court, these functions are differentiated to an important degree. The intermediate appellate court has primary responsibility, subordinate to that of the highest court, for extending the application of developing law within the doctrinal framework fashioned by the highest court; the supreme court exercises a function of selective review to maintain uniformity of decision among subordinate courts and to reformulate decisional law in response to changing conditions and social imperatives. American Bar Association, Standards relating to Appellate Courts, Commentary, Section 3.00, 1994, págs, 5-6.*

Para ello se requiere que el Tribunal de Circuito considere los asuntos que se le plantean con rigor jurídico y con gran sentido de justicia. Como se ha señalado: "la majestad de ley requiere que el Panel [del Tribunal de Circuito de Apelaciones] considere siempre el fondo de las cuestiones litigiosas para restablecer el equilibrio, la juridicidad y la legalidad. Es un derecho a enderezar lo justo. Ello es así porque no se trata de un Tribunal de casación con un fin de unificación de la jurisprudencia. **Es un órgano instituido para administrar justicia a los particulares**. Priva el interés individual en la justicia del caso singular sobre el interés público en la interpretación exacta de una ley en abstracto. **Mediante la apelación de la parte vencida se reexaminará en toda su amplitud la controversia (in jure e in facto) por un Panel del Tribunal de Circuito de Apelaciones**". (Énfasis Suplido) Cuevas Segarra, Práctica Procesal Puertorriqueña, Práctica Apelativa, Publicaciones J.T.S., Suplemento del año 1995, pág.23; Véase además Maldonado Bermúdez v. Maldonado González, Opinión y Sentencia de 11 de junio de 1996, __ D.P.R.__ (1996).

Respecto al alcance de su función, es preciso señalar que el Tribunal de Circuito tiene que determinar si el foro sentenciador basó su decisión en una interpretación correcta del derecho positivo y si condujo adecuadamente los procedimientos, de suerte que no se le haya causado perjuicio a las partes. Además debe determinar si el foro sentenciador llegó a conclusiones que están apoyadas en la evidencia presentada en el caso. No debe considerar una controversia que no fue levantada en el tribunal de instancia a menos que sea necesario para

evitar una injusticia manifiesta. American Bar Association, *Standards Relating to Apellate Court*, supra, págs 23-28.

En cumplimiento de las disposiciones de la referida Ley de la Judicatura de Puerto Rico de 1994, y conforme con la autoridad constitucional de esta Curia aprobamos en el 1995 el Reglamento del Tribunal de Circuito de Apelaciones. Ese Reglamento tiene el propósito de hacer viable el funcionamiento del foro apelativo, de acuerdo con los propósitos de la Ley de la Judicatura. En dicho reglamento también establecimos las normas que deben regir los procedimientos ante dicho foro.[3]

Como parte de dichas normas, y en lo pertinente a la controversia de autos, la Regla 10(A) del Reglamento dispone que *"el panel correspondiente del Tribunal de Circuito de Apelaciones resolverá los recursos ante su consideración mediante una resolución o sentencia, la cual incluirá una relación de hechos y una **exposición y análisis de los asuntos planteados"***. La regla antes transcrita expone el deber del foro apelativo de resolver, de forma fundamentada- esto incluye una exposición de los hechos y el derecho aplicable-, los *asuntos que se le plantean* en los recursos que tenga ante su consideración. Esta disposición tiene también el propósito de facilitar la revisión de las decisiones del Tribunal de Circuito de Apelaciones por esta Curia. Maldonado Bermúdez v. Maldonado González, Opinión y Sentencia de 11 de junio de 1996, ___D.P.R.___ (1996).

Dentro de su función apelativa, el Tribunal de Circuito de Apelaciones también debe de procurar tener todos los elementos de juicio necesarios para emitir una decisión judicial. Así por ejemplo, debe ordenar una exposición narrativa o estipulada de la prueba, o en su defecto, ordenar la transcripción total o parcial de la evidencia desfilada en el foro de instancia *cuando la parte apelante ha señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de la prueba por parte del Tribunal de*

*Instancia*. Reglas 19, 20 y 76 del Reglamento del Tribunal de Circuito de Apelaciones. Véase además <u>Maldonado Bermúdez v. Maldonado González</u>, supra. El Tribunal de Circuito de Apelaciones también puede, en aras de tener acceso a la información que le permita emitir su decisión, hacer uso de la facultad que le reconoce la Regla 73 de su Reglamento de "ordenar que se preparen y sometan alegatos en cualquier caso en que lo considere necesario".

III.

En el presente caso las controversias ante el Tribunal de Circuito de Apelaciones en síntesis eran: si el grado de intervención de los hogares sustitutos en el procedimiento de custodia fue el adecuado conforme a derecho y si el foro de instancia erró en su apreciación de la prueba testifical y documental que tuvo ante su consideración. El foro apelativo no atendió los asuntos que le fueron planteados, sino que por el contrario, dejó sin efecto *de facto* el procedimiento de custodia llevado a cabo por el Tribunal de Primera Instancia, sin considerar la corrección y validez del mismo y ordenó la celebración de otro procedimiento de custodia. Reconocemos que la controversia que manejó el Tribunal de Circuito de Apelaciones involucra aspectos emotivos y humanos que trascienden la esfera judicial y que ante ello, el foro apelativo intentó resolverlo de una forma conciliadora. No obstante, al así actuar, el foro apelativo erró pues no examinó en toda su amplitud (*in facto e in jure*) el recurso que tenía ante su consideración.

De una lectura de las apelaciones incoadas ante el Tribunal de Circuito se desprende que las alegaciones y los errores señalados se circunscriben a los aspectos de admisibilidad, suficiencia, veracidad y apreciación errónea de la prueba pericial, documental y testifical que desfiló ante el Tribunal de Primera Instancia. Por tal razón, previo a la resolución del caso que tenía ante su consideración, el Tribunal de Circuito de Apelaciones debió ordenar una exposición

---

[3] Para una discusión sobre las funciones de un tribunal apelativo intermedio, véase Voto Particular del Juez Negrón Soto en

narrativa o en su defecto, una transcripción de la evidencia, según lo requieren las reglas 19, 20 y 76 de su Reglamento. Esto indudablemente le hubiese permitido ponderar y aquilatar la prueba que desfiló ante el foro a quo para estar en posición de resolver los asuntos específicos que le fueron planteados. Era luego de evaluar la suficiencia de la evidencia presentada en el foro de instancia que le correspondía dictar la sentencia. La exposición narrativa de la prueba o una transcripción de la evidencia era necesaria para considerar las controversias específicas que le fueron planteadas al foro apelativo. A pesar de que los apelantes y el Procurador General le solicitaron que ordenara la transcripción o exposición narrativa de la prueba, nada dispuso el Tribunal de Circuito a tales efectos.

Por último, resulta pertinente señalar que el Tribunal de Circuito de Apelaciones erró al ordenar únicamente al Procurador General que presentara su alegato en el presente caso. Debido a la complejidad y naturaleza del caso de autos debió resolver los recursos que tenía ante sí con el beneficio de las posiciones por escrito de *todas* las partes, haciendo uso de la facultad que le concede el inciso (f) de la Regla 73 de su Reglamento de "ordenar que se preparen y sometan alegatos en cualquier caso que lo considere necesario".

A pesar de que Shrivers Otero solicitó intervención en el trámite apelativo, el Tribunal de Circuito nada dispuso sobre este asunto. Debió emitir una orden dirigida a Michelle Shrivers Otero para que presentara el alegato correspondiente, toda vez que era indispensable conocer su posición pues lo que se cuestionaba ante el foro apelativo era la sentencia que ordenaba el reintegro de los menores al hogar de su madre biológica, Shrivers Otero y la sentencia que pudiera dictar el Tribunal de Circuito en su día sin lugar a dudas iba a incidir sobre los derechos de ésta.

Finalmente, incidió el Tribunal de Circuito al dejar de considerar y no disponer sobre las diversas peticiones que le hicieran en varias

ocasiones el Procurador General, los apelantes y la representación legal de Michelle Shrivers Otero.  El Tribunal de Circuito no las consideró en el momento en que fueron presentadas, a pesar de la importancia de las mismas, ni hizo siquiera mención de las mismas en la sentencia.  Reiteramos que dicho Tribunal tiene la obligación de considerar y adjudicar todos los asuntos que se sometan ante su consideración.

En vista de las deficiencias en el procedimiento apelativo señaladas anteriormente, nos vemos imposibilitados de considerar el recurso en sus méritos. En esencia, las contenciones de las partes están dirigidas a aspectos de suficiencia y apreciación de la prueba y no contamos con el beneficio de una exposición  estipulada o narrativa o una transcripción de la evidencia desfilada ante el Tribunal de Primera Instancia que nos permita revisar la sentencia del foro apelativo.

A la luz de todo lo antes expuesto, concluimos que el Tribunal de Circuito de Apelaciones actuó en contravención de las disposiciones de su propio Reglamento. En consecuencia se revoca la sentencia apelada y se devuelve el caso al Tribunal de Circuito de Apelaciones para que dicho foro continúe el procedimiento apelativo a tenor con nuestros pronunciamientos. A tenor con las precitadas reglas, dicho foro apelativo deberá conceder a todas las partes la oportunidad de presentar sus posiciones por escrito y ordenar la preparación de una exposición narrativa de la prueba vertida ante el Tribunal de Primera Instancia, o en su defecto una transcripción de la evidencia, de manera que pueda estar en posición de revisar adecuadamente la sentencia apelada y determinar si efectivamente se cometieron los errores señalados por la parte apelante.  Se ordenará la paralización de cualquier procedimiento que se esté llevando a cabo en el Tribunal de Instancia referente al caso de epígrafe como resultado de la sentencia recurrida.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Departamento de la Familia
en interés de los menores,
R.P.S., M.P.S., C.J.N.S.
y G.S.
Ana Delgado, María Teresa
González y José Cátala
Cátala -Hogares Sustitutos
   Demandante y Recurridos

v.

Michelle Shrivers Otero,
Madre biológica
   Demandado y Peticionaria

CC-97-31      Certiorari

SENTENCIA

San Juan, Puerto Rico, a 17 de abril de 1998.

Por los fundamentos que anteceden en la Opinión *Per Curiam* la cual se hace formar parte de la presente, se expide el auto de certiorari y se dicta sentencia revocando la sentencia recurrida.

Se devuelve el caso al Tribunal de Circuito de Apelaciones para que dicho foro continúe con los procedimientos apelativos a tenor con nuestros pronunciamientos. Se ordena la paralización de cualquier procedimiento que se esté llevando a cabo en el Tribunal de Primera Instancia referente al caso de epígrafe.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Negrón García concurre sin opinión escrita. El Juez Asociado señor Fuster Berlingeri emitió Opinión Concurrente Y Disidente. El Juez Asociado Rebollo López no interviene.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

DEPARTAMENTO DE LA FAMILIA
EN INTERES DE LOS MENORES;
R.P.S., M.P.S., C.J.N.S. Y G.S.,
Y OTROS

    Demandantes-Recurridos

                                 CC-97-31        CERTIORARI

        vs.

MICHELLE SHRIVERS OTERO,
MADRE BIOLOGICA

    Demandada-Peticionaria

Opinión Concurrente y Disidente emitida por el Juez Asociado señor FUSTER BERLINGERI

San Juan, Puerto Rico, a 17 de abril de 1998.

En lo esencial, estoy de acuerdo con el señalamiento que hace la mayoría en la opinión Per Curiam en el caso de autos, de que el Tribunal de Circuito de Apelaciones no dispuso del recurso que tenía ante sí de una manera adecuada. En la sentencia emitida por el foro apelativo no se identifican con particularidad y precisión las controversias que tenía que resolver; ni se adjudican las cuestiones jurídicas de modo propiamente fundamentado. Ciertamente, el contenido limitado e inusual de la sentencia emitida ha hecho difícil que este Tribunal considere el recurso que se nos ha presentado, en el cual se solicita la revisión de la sentencia aludida.

Sin embargo, estimo que por la naturaleza muy particular del caso de autos, que gira en torno a una compleja y dilatada disputa sobre el preeminente y delicado asunto de qué es lo más conveniente al bienestar de unos menores, no es prudente revocar el dictamen en cuestión y devolver el asunto otra vez al foro apelativo, mientras continúan pendientes por otro lado algunos procedimientos en el tribunal de instancia.

Más aun, me parece que la sentencia del foro apelativo, incompleta como es, tiene aun así suficiente contenido y fundamentación, a la luz de lo planteado en los recursos de apelación que dicho foro tuvo ante sí, como para permitir que la confirmemos. Veamos.

Las partes apelantes ante el Tribunal de Circuito tenían en común dos planteamientos, como bien señala la propia mayoría en su opinión Per Curiam. Uno de ellos, **tan medular como el otro**, tenía que ver con la limitada participación que le permitió el tribunal <u>a quo</u> a los apelantes en el procedimiento de instancia sobre la custodia de los menores concernidos. A dichos apelantes, que el foro apelativo identifica como **"los padres afectivos"** de los menores, el tribunal de instancia les permitió testificar en el pleito de custodia, pero les negó estar presente durante la vista, les negó confrontar los testigos de la otra parte, y les negó presentar testigos y peritos esenciales en apoyo de su propio testimonio. Los apelantes adujeron que la participación tan escasa y limitada que se les había permitido les impedía presentar su punto de vista adecuadamente, les privaba de su derecho al debido proceso de ley, e imposibilitaba que el tribunal pudiese determinar correctamente qué era lo que más convenía al bienestar de los menores aludidos. Los apelantes basaron su contención, <u>inter alia</u>, en lo dispuesto en el Art. 30 de la Ley de Protección de Menores, 8 L.P.R.A. 430(g)(bis), que dispone en lo pertinente que:

> "Cualquier persona a quien se le encomiende... la custodia... de un menor, podrá comparecer y presentar su

posición y alegaciones en cualquier caso en que se ventile la... custodia... del menor a su cargo."

Frente a estas cruciales alegaciones de los apelantes, que estaban corroboradas por documentos que obran en autos, el foro apelativo determinó lo siguiente:

"Entendemos que la adecuada atención de este importante y complejo asunto requiere... que se conceda una participación más activa a los padres afectivos y miembros de los hogares de crianza...".

A base de esta determinación, el foro apelativo dictaminó entonces que:

"los padres afectivos... tendrán derecho a participar como parte actora o peticionaria y estarán facultados para presentar prueba testifical, documental y pericial."

El foro apelativo, pues, sí consideró y adjudicó uno de los dos planteamientos medulares que habían presentado los apelantes, aunque lo hizo de un modo muy escueto y poco esclarecido. Dicha adjudicación, aunque en extremo concisa y sin propia fundamentación, es obviamente correcta, y puede considerarse suficiente para disponer de los recursos como lo hizo el Tribunal de Circuito. Es decir, a base de ello solamente podía disponerse de las apelaciones presentadas y ordenarse, como se hizo, que se celebrara un nuevo procedimiento de custodia en instancia, en el cual los apelantes pudiesen tener una participación adecuada.

En resumen, pues, para mí las limitaciones de la sentencia del foro apelativo en el caso de autos, aunque reales, no son suficientes para revocarla y ordenar otra intervención más del foro apelativo, que inevitablemente resultará en demorar la necesaria adjudicación final de esta lastimosa contienda. Como la mayoría decreta otro curso de acción, disiento.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO