| WALTER GARCÍA SÁNCHEZ Y KEYLA NAZARIO DELGADO<br><br>APELANTE<br><br>v.<br><br>HARRY OCASIO HENRIQUEZ Y OTROS<br><br>APELADOS | KLAN202401087 | *Apelación,* Procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br><br>HU2024CV00206<br><br>Sobre:<br><br>CONSTITUCIÓN DE PUERTO RICO, DAÑOS Y PERJUICIOS, HOSTIGAMIENTO LABORAL, DISCRIMEN EN EL EMPLEO, SENTENCIA DECLARATORIA, LEY NÚM. 100 DE 30 DE JUNIO DE 1959, LEY NÚM. 16 DE AGOSTO DE 1975, LEY 284-1999, "LEY CONTRA EL ACECHO EN PUERTO RICO", TITULO VII DE LA LEY DE DERECHOS CIVILES DE 1964; EMTALA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de enero de 2025.

Comparecen ante nosotros el Sr. Walter García Sánchez (en adelante, Sr. García Sánchez) y la Sra. Keyla Nazario Delgado (en adelante, Sra. Nazario Delgado) mediante un recurso de apelación, solicitando la revisión de tres sentencias parciales emitidas el 15 de octubre de 2024 y notificadas el 18 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Humacao ("TPI"). Mediante dichas sentencias, se desestimó la demanda del presente

Número Identificador

SEN2025_____

caso en cuanto al Sr. Julio L. Géigel Pérez (en adelante, Sr. Géigel Pérez), el Sr. Ángel M. Laboy Ortiz (en adelante, Sr. Laboy Ortiz) y el Sr. Harry Ocasio Henríquez (en adelante, Sr. Ocasio Henríquez), en su carácter personal.

Por los fundamentos que se expondrán a continuación, se ordena la desestimación del presente recurso de apelación por falta de jurisdicción.

**I.**

El 16 de febrero de 2024, el Sr. García Sánchez y la Sra. Nazario Delgado presentaron una *Demanda* en contra del Sr. Harry Ocasio Henríquez, *et als.*, solicitando una indemnización por los daños sufridos en un accidente laboral.[1] En la demanda, alegaron que el 11 de enero de 2023, el Sr. García Sánchez, empleado del Municipio de Humacao como conductor de vehículos pesados, fue asignado a remover letreros sin el equipo de protección ocular adecuado. Como resultado, sufrió un accidente que culminó en la pérdida permanente de su ojo izquierdo, lo que le ha provocado secuelas físicas y emociones significativas.

Tras varios trámites procesales, el 2 de agosto de 2024, el Géigel Pérez, Alcalde de Humacao,[2] y el Sr. Laboy Ortiz, Policía Municipal,[3] presentaron sus respectivas mociones de desestimación, solicitando la desestimación de la demanda en cuanto a su carácter personal.

Por su parte, el 23 de agosto de 2023, el Sr. Ocasio Henríquez, funcionario del Municipio de Humacao, presentó una *Moción de Desestimación de la Parte Compareciente en su Carácter Personal*, solicitando la desestimación de la demanda en cuanto a su carácter personal.[4]

---

[1] Véase, Apéndice 1, *Apelación,* págs. 1-13.
[2] Véase, Apéndice 2, *Apelación,* págs. 14-29.
[3] Véase, Apéndice 3, *Apelación*, págs. 30-47.
[4] Véase, Apéndice 7, *Apelación,* págs. 58-75.

El 15 de octubre de 2024, notificadas el 18 de octubre de 2024, el TPI emitió las tres sentencias parciales apeladas, mediante las cuales declaró *"Ha Lugar"* las respectivas mociones de desestimación presentadas por el Sr. Géigel Pérez,[5] el Sr. Laboy Ortiz[6] y el Sr. Ocasio Henríquez.[7] En consecuencia, se desestimó la demanda del presente caso en cuanto al carácter personal de estas partes codemandadas.

El 28 de octubre de 2024, el Sr. García Sánchez y la Sra. Nazario Delgado solicitaron la reconsideración de las tres sentencias parciales emitidas 15 de octubre de 2024.[8] Dicha solicitud fue declarada *"No Ha Lugar"* por el TPI mediante la *Resolución* emitida el 4 de noviembre de 2024 y notificada el 5 de noviembre 2024.[9]

En desacuerdo con las sentencias parciales emitidas el 15 de octubre de 2024, el Sr. García Sánchez y la Sra. Nazario Delgado acudieron ante nosotros el 4 de diciembre de 2024 mediante el el presente recurso de *Apelación*. En su escrito, señalaron los errores siguientes:

> Erró y abusó de su discreción el foro de instancia al desestimar con perjuicio la demanda del caso de epígrafe contra la parte apelada aduciendo que la Demanda de este caso no satisface el criterio de plausibilidad.
>
> Erró y abusó de su discreción el foro de instancia al desestimar con perjuicio la demanda del caso de epígrafe contra la parte apelada aduciendo que los reclamos de dicha demanda están prescritos.
>
> Erró y abusó de su discreción el foro de instancia al no acoger la moción de reconsideración de la parte apelante, la cual discute y fundamenta porque la demanda de este caso le aplica todas las leyes que aparecen en su epígrafe y que vincula a la parte apelada, porque satisface lo que dispone el ordenamiento jurídico en cuanto a la demanda.

---

[5] Véase, Apéndice 11, *Apelación*, págs. 102 – 108.
[6] Véase, Apéndice 12, *Apelación,* págs. 109 – 114.
[7] Véase, Apéndice 13, *Apelación*, págs. 115– 122.
[8] Véase, Apéndice 14, Apelación, págs. 123– 145.
[9] Véase, Apéndice 17, Apelación, pág. 158.

El 10 de diciembre de 2024, el Procurador General presentó una *Moción Informativa sobre una Solicitud de Consolidación*, solicitando la consolidación del presente recurso con el KLAN202401027.

De conformidad con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), procedemos a resolver prescindiendo de cualquier trámite procesal ulterior, por entender que resulta innecesario para la disposición del presente recurso.

**II**

**A.**

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está

pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**B.**

Como norma general, el pago de los aranceles de presentación es un requisito *sine qua non* para el perfeccionamiento de los recursos apelativos. El cobro de estos aranceles permite sufragar los gastos inherentes a todo proceso judicial. *Silva Barreto v. Tejada Martel*, 199 DPR 311, 330-331 (2017); *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174, 188 (2007). El pago y la cancelación de aranceles es de tal importancia que, el no adherir los sellos de rentas internas al recurso apelativo presentado, de ordinario, priva al foro

apelativo de jurisdicción y conlleva la desestimación del recurso. *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159 (2012). De esta manera, se evita que los litigantes defrauden al erario. *Silva Barreto v. Tejada Martel*, supra.

**III**

En su recurso de *Apelación*, la parte apelante solicita la revisión de tres (3) sentencias parciales emitidas el 15 de octubre de 2024 y notificadas el 18 de octubre de 2024 por el TPI, mediante las cuales se desestimó el caso en cuanto al Sr. Géigel Pérez, Sr. Laboy Ortiz y Sr. Ocasio Henríquez, en su carácter personal.

Sin embargo, de acuerdo con nuestra interpretación de las normas procesales aplicables al perfeccionamiento de los recursos de apelación, se concluye que es necesario presentar recurso de apelación individual por cada sentencia impugnada, acompañado del pago de los aranceles correspondientes a cada uno de ellos.

Por lo tanto, se ordena la desestimación del presente recurso por falta de jurisdicción, al no haberse cumplido con los requisitos formales para su perfeccionamiento, incluyendo el pago de los aranceles correspondientes.

Finalmente, en virtud de lo anteriormente resuelto, se determina que no procede la solicitud de consolidación de este caso con el KLAN202401027, presentada el 10 de diciembre de 2024 por el Procurador General.

**IV**

Por los fundamentos que se expuestos, se ordena la desestimación del presente recurso de apelación por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

La Jueza Grana Martínez emite voto disidente por escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| WALTER GARCÍA SÁNCHEZ Y KEYLA NAZARIO DELGADO<br><br>APELANTE<br><br>v.<br><br>HARRY OCASIO HENRIQUEZ Y OTROS<br><br>APELADOS | KLAN202401087 | *Apelación,* Procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br><br>HU2024CV00206<br><br>Sobre:<br><br>CONSTITUCIÓN DE PUERTO RICO, DAÑOS Y PERJUICIOS, HOSTIGAMIENTO LABORAL, DISCRIMEN EN EL EMPLEO, SENTENCIA DECLARATORIA, LEY NÚM. 100 DE 30 DE JUNIO DE 1959, LEY NÚM. 16 DE AGOSTO DE 1975, LEY 284-1999, "LEY CONTRA EL ACECHO EN PUERTO RICO", TITULO VII DE LA LEY DE DERECHOS CIVILES DE 1964; EMTALA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ**

El Tribunal de Apelaciones se creó para concederle a los litigantes un derecho de apelar todas las sentencias finales dictadas por el Tribunal de Primera Instancia. En virtud de ese derecho, la Asamblea Legislativa concedió a todos los ciudadanos el derecho de apelación en los casos civiles y criminales "extendiéndose a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión que había sido tomada por un solo juez". Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de

1994, Leyes de Puerto Rico, pág. 2802.[10] *Depto. de la Familia v. Shrivers Otero*, 145 DPR 351, 356-357 (1998). Nuestro norte ha de ser que las decisiones del foro revisado sean justas y encuentren apoyo en la normativa establecida por el Tribunal Supremo. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 428 (2009); *Depto. de la Familia v. Shrivers Otero*, supra, pág. 357.

Además, como foro judicial, venimos llamados a: servir como agente catalítico en las revisiones de la doctrina y de la ley; advertir sobre problemas que plantee una ley; destacar situaciones que requieran reglamentarse por la Asamblea Legislativa; identificarle al Tribunal Supremo las áreas en que se hace imperativo el cambio normativo; permitir que el Tribunal Supremo tenga un mayor desahogo y pueda servir al máximo en su función social de pautar e interpretar el Derecho, y ayudar en la descongestión de casos de este Tribunal. *Crespo Quiñones v. Santiago Velázquez*, supra, pág. 428 (Opinión disidente emitida por el Juez Presidente, Señor Hernández Denton, a la cual se unen la Jueza Asociada, Señora Fiol Matta y la Juez Asociada, Señora Rodríguez Rodríguez); *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007); *Depto. de la Familia v. Shrivers Otero*, supra, págs. 356-357.

Ahora bien, en la diversidad y complejidad de las controversias que se presentan ante este foro, algunas situaciones no encajan prístinamente en determinado precepto jurídico que ofrezca una solución categórica. Es entonces, cuando los tribunales deben evitar los extremos y hacer acopio del sentido de justicia y equidad atemperado a los diversos principios jurídicos establecidos que conforman el Sistema Judicial puertorriqueño. *Díaz v. Alcalá*, 140 DPR 959, 983 (1996.)

---

[10] Hoy, 4 LPRA sec. 24u.

Ante tal situación me encuentro y motiva este disenso. Los compañeros jueces y juezas del Tribunal de Primera Instancia tienen absoluta discreción para emitir sus dictámenes, cuando son más de uno, como en este caso, bien sea en un solo escrito o en varios. Solamente se exige que, en todos los pleitos, el tribunal especifique los hechos probados, consigne separadamente sus conclusiones de derecho y ordene que se registre la sentencia que corresponda. Esta norma general tiene contadas excepciones, entre ellas; al resolver mociones bajo las Reglas 10 ó 36.1 y 36.2, o al resolver cualquier otra moción, excepto lo dispuesto en la Regla 39.2; (b) en casos de rebeldía; (c) cuando las partes así lo estipulen, o (d) cuando el tribunal así lo estime por la naturaleza de la causa de acción o el remedio concedido en la sentencia. 32 LPRA Ap. V, R. 42.2. Por otro lado, cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero, o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia. Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2. 32 LPRA Ap. V, R. 42.3.

Como mencioné, el juzgador o juzgadora puede ante múltiples partes o reclamaciones, determinar emitir varios dictámenes que resuelven parcial o definitivamente la cuestión litigiosa y

consolidarlos en un solo escrito o emitirlos por separado en varios escritos. Tal es el caso que nos ocupa, pues el juez emitió tres dictámenes, sentencias parciales distintas, en las cuales desestimó la reclamación contra el señor Geigel Pérez, señor Laboy Ortiz y señor Ocasio Henríquez, en su carácter personal. Las tres sentencias parciales fueron emitidas y notificadas el mismo día; emitidas el 15 de octubre de 2024 y notificadas el 18 de octubre de 2024. Ante este foro comparecieron el señor García Sánchez y la señora Nazario Delgado, mediante recurso de apelación, solicitándonos que revoquemos las sentencias emitidas. Pagaron un solo arancel de presentación. Precisa recordar que, por cada escrito de apelación civil o de certiorari en el Tribunal de Apelaciones, el proponente viene obligado a pagar, como norma general, ciento dos dólares ($102.00). *In re Aprob. Derechos Arancelarios RJ*, 192 DPR 397 (2015).

Ahora bien, la controversia procesal surge cuando el juzgador o juzgadora emite, como en este caso, tres sentencias parciales desestimatorias dentro de un mismo proceso civil, en escritos distintos que se suscriben y notifican el mismo día. ¿Se debe interpretar la norma arancelaria restrictivamente a fin de que se pague aranceles por cada una de las sentencias que se interesa revisar o procede el pago de un solo arancel para la revisión de estas? Esta disyuntiva ha creado múltiples opiniones en este foro, generando una normativa procesal que, a mi entender, no está claramente definida y, que responde a la interpretación de la composición de los distintos paneles en donde recaiga la decisión. Esta disyuntiva procesal crea un trato desigual y atenta contra el acceso a la justicia, en la medida que provoca desestimaciones por falta de jurisdicción, así como una incertidumbre legal en los practicantes de derecho apelativo. Es por tal razón que escribo este disenso, motivada por el deber de identificar, para beneficio de

nuestro foro revisor, el Tribunal Supremo, las áreas en que se hace imperativo el cambio normativo. Contrario a mis compañeros de panel, soy de la opinión de que podrían presentarse en un solo recurso ante este foro, varios dictámenes consignados en distintos escritos, siempre y cuando provengan de un mismo pleito ante el TPI; todos estén a tiempo dentro de los términos para solicitar la revisión y se pague el arancel correspondiente a un escrito. Interpreto que cuando el Tribunal Supremo afirma que por cada escrito de apelación civil o de certiorari en el Tribunal de Apelaciones el proponente viene obligado a pagar, como norma general, ciento dos dólares ($102.00), por escrito se refiere a un solo documento independientemente las determinaciones que incluya en el mismo. Mueve mi discreción el caso de *Silva Barreto v. Tejada Martell*, 199 DPR 311 (2017). En dicho caso, el TSPR atendió una controversia entre Silva Barreto y Tejada Martell, quienes habían estado casados y eran progenitores de dos menores. Como típicamente sucede en este tipo de pleito, el foro había emitido varias resoluciones. Entre ellas; la autorización del traslado provisional de los menores a Perú, la denegación del reclamo de Tejada Martell del trabajo de ortodoncia de sus hijos, así como mensualidades y otros gastos asociados a la escuela de los menores y la denegatoria del foro a deponer la trabajadora social que recomendó el traslado de los menores. Tejada Martell acudió a este foro, quien desestimó el recurso por falta de jurisdicción, apoyado en el caso *M-Care Compounding et al. v. Depto.* [Salud, 186 DPR 159 (2012)](#), entendiendo que Tejada no podía utilizar un solo recurso para impugnar conjuntamente dos dictámenes emitidos separadamente. Ciertas manifestaciones hechas por nuestro más Alto Foro local en el caso me persuaden. El TSPR señaló que, como parte del imperativo estatutario, el Tribunal de Apelaciones debe valerse de procesos judiciales más accesibles a la ciudadanía y "ofrecer acceso

fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". Art. 4.002 de la Ley de la Judicatura, *supra*. Puntualizó que el mero hecho de que existan resoluciones separadas no era razón suficiente para exigirle a la parte en desacuerdo, que presentara igual número de recursos como de determinaciones promulgadas. El TSPR reconoció que, si exigía un recurso por cada determinación promulgada, la trayectoria procesal redundaría en perjuicio de aquellos promoventes cuyos litigios son atendidos por jueces que, por las razones que estimen pertinentes de acuerdo con el caso en particular o por su método de trabajo, optaban por disponer de asuntos pendientes de manera separada. El foro supremo puntualizó que cuando se emiten múltiples resoluciones individuales, la parte interesada en cuestionarlas incurre en gastos adicionales de reproducción de documentos, notificación a las partes y al foro recurrido, trabajo administrativo y honorarios de abogado. Inclusive, en ocasiones, está obligada a fotocopiar los mismos documentos para diversos recursos. Estos costos pueden multiplicarse, dependiendo del número de recursos de que se trate, encareciendo sustancialmente los costos apelativos. Es decir, de manera razonada reconoció que cada juez actuaba distinto y no sería justo imponer unos costos para unos litigantes basados únicamente en la manera de cada juzgador o juzgadora de hacer su trabajo. Mas aun cuando el propio Tribunal Supremo no se había expresado a favor sobre una u otra forma de emitir los dictámenes. Reconoció que exigir un recurso por cada dictamen militaba en contra del principio de economía procesal que permea todo nuestro ordenamiento y el cual debemos tener como norte, al descargar nuestra función de implantar la forma y manera de acceder al foro apelativo. Pesó más, el deseo de establecer pautas que promovieran que los trámites judiciales se efectúen de manera

ágil, accesible y justa. Concluyó que lo antes expuesto, no es otra cosa, que el acceso a la justicia que tanto predicamos. Así sostuvo que, guiados por consideraciones de justicia y economía procesal, y en aras de promover un proceso más sencillo y económico, concluían que una parte tiene derecho a recurrir simultáneamente de varias resoluciones promulgadas en un mismo caso, siempre y cuando acudiese al foro apelativo dentro del término provisto para ello, bajo la normativa aplicable. En otras palabras, se permite acumular en un mismo recurso apelativo varias determinaciones interlocutorias del foro primario, emitidas en un mismo caso, condicionado a que el recurso se presente oportunamente en alzada. Dispusieron sin ambages que, todo litigante tendría la misma oportunidad de acudir al foro apelativo intermedio para la revisión de varias determinaciones interlocutorias del foro primario, indistintamente de si fueron acumuladas en un mismo escrito o en escritos separados, siempre y cuando presentara su recurso dentro del término apelativo correspondiente.

En *Silva Barreto v. Tejada Martell*, supra, el Tribunal Supremo se cuestionó, ¿qué justificación existía para obligar al aquel entonces peticionario a presentar dos recursos? Puntualizó que el mero hecho de que existiesen resoluciones separadas no era razón suficiente para exigirle a la parte en desacuerdo que presentara igual número de recursos como de determinaciones promulgadas. Tomó en consideración el perjuicio que sufren aquellos cuyos litigios eran atendidos por jueces que, por las razones que entendieran, disponían de los asuntos pendientes de adjudicación de manera separada. Reconoció que dicho asunto conllevaba grandes repercusiones para los litigantes. Y no es para menos, provoca la pérdida del derecho a que un panel de no menos de tres jueces verifique la actuación del foro primario, es decir suprime el derecho apelativo del litigante. He de puntualizar que, para el Tribunal

Supremo de Puerto Rico, pesaron consideraciones de justicia y economía procesal, simplificación de procesos y economía para los litigantes.

No encuentro razones para atender la controversia procesal ante nuestra consideración de manera distinta al razonamiento en el caso de *Silva Barreto v. Tejada Martell*, supra, cuando se recurre de una combinación de resoluciones, sentencias parciales o sentencias finales. Para mí, es el mismo análisis conforme los mismos criterios.[11] Por tal razón, hubiese atendido todas las determinaciones recurridas que hubiesen sido oportunamente cuestionadas.

Por último, aun cuando lo que expongo en este disenso no procediese habría que preguntarse si al menos la parte apelante no tiene derecho a la revisión de unos de los dictámenes, toda vez que pagó un arancel. Tal vez parecería que le cobramos por equivocarse en algo que, entre los propios paneles de este tribunal, no hay consenso.

En San Juan, Puerto Rico, a 8 de enero de 2025.

Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones

---

[11] No obstante, reconozco el planteamiento de la Honorable Jueza Asociado-señora Pabón Charneco en su opinión concurrente en *Silva Barreto v. Tejada Martell*, supra. Considero que, de ser planteado ante el Tribunal Supremo, estamos ante la controversia que la Jueza Pabón Charneco se refería, cuando en su opinión concurrente, indicaba que la *ratio decidendi* de la opinión mayoritaria era más amplia que la controversia en aquel momento.