*846 TEXTO COMPLETO DE LA RESOLUCIÓN
Comparece ante nos, Charles Luis Christensen González, uno de los demandados del caso de autos, solicitando la revisión de una Orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen, el tribunal a quo declaró Con Lugar una “Moción Urgente Solicitando Orden Protectora al Amparo de la Regla 23.1 de las de Procedimiento Civil” instada por Elba Román Russe, José Martínez y Manuel Cuevas.
Por los fundamentos que esbozamos a continuación, se deniega la expedición del auto solicitado.
I
Conforme surge del recurso ante nuestra consideración, el 23 de noviembre de 2005, Elba Román Russe, José Martínez y Manuel Cuevas, en adelante, los recurridos, instaron Demanda sobre cumplimiento específico de contrato contra, entre otras partes, la Sucesión de Charles Lowell Christensen y Charles Luis Christensen González, en adelante, el peticionario, uno de los componentes de la mencionada Sucesión. Génesis de la acción incoada lo fue un Contrato suscrito entre el causante Charles Lowell Christensen y los recurridos. Mediante dicho Contrato, el causante Charles Lowell Christensen acordó venderle a los recurridos las acciones *847 de Charlie Car Rental, Inc. por el precio pactado de $13,800,000. La cantidad acordada, conforme se alegó, sería pagada por los recurridos en ciento veinte (120) plazos de $115,000, cada uno sin intereses.
En la Demanda incoada, se alegó, en lo pertinente:
9. El señor Christensen falleció en Santo Domingo, República Dominicana, el lero. de junio de 2004.

10. Unos días más tarde, el 3 de junio de 2004, se presentó una Solicitud de Protocolización de Testamento Ológrafo por el Licenciado Héctor Saldaña Egozcue como depositario del testamento del señor Christensen.

11. Luego de escuchar la prueba, el Tribunal de Primera Instancia, Sala Superior de San Juan, encontró probada la autenticidad del testamento del señor Christensen, declaró con lugar la petición del licenciado Saldaña Egozcue y ordenó la protocolización del testamento.

12. El testamento fue protocolizado mediante la Escritura Pública número Tres (3) sobre Protocolización de Testamento, otorgada el 11 de octubre de 2004 ante la Notaría Público Camilla Jové Matos. (Exhibit 1),

13. La codemandante Román Russé aceptó el cargo del Albacea del caudal relicto del causante Charles el 18 de octubre de 2004.

14. En dicho testamento, el señor Christensen expresamente requirió que se honre el acuerdo alcanzado con los demandantes y que se lleve a cabo la transacción:

He convenido con:

José Martínez

Elba Román

y Manuel Cuevas

venderles las acciones de Charlies Car Rental por la suma de $13,800,000.00 a ser pagada en 120 plazos de $115,000.000 cada uno y sin intereses. Es mi voluntad que se honre este compromiso y se lleve a cabo la transacción. ”

15. Ha transcurrido más de un año desde que falleció el señor Christensen sin que hasta el momento la sucesión de éste se haya puesto de acuerdo para formalizar lo contratado con su causante. Es decir, que hasta el momento no se han transferido las acciones de la corporación a los aquí demandantes.

16. En vista de que la última voluntad del señor Christensen no debe ser quebrantada, y de que en el acuerdo alcanzado por éste con los demandantes concurrió el consentimiento, objeto y causa, procede que se ordene el cumplimiento específico del contrato según los términos estipulados por el señor Christensen con los demandantes, términos que quedaron además plasmados en el testamento dejado por dicho causante.

17. En cumplimiento con su parte del acuerdo, en unión a la presente Demanda, los demandantes han consignado el primer pago estipulado por la cantidad de $115,000.000 y se continuará depositando dicha cantidad mensualmente hasta tanto este Honorable Tribunal disponga otra cosa. ”

*848 Véase, págs. 2-5 del Apéndice.
Junto con la Demanda incoada, los recurridos consignaron la suma de $115,000.00, equivalente al primer pago estipulado.
Así las cosas, y conforme alegado por el peticionario en su recurso, los recurridos no emplazaron a ninguno de los herederos en cuestión. No obstante, el 31 de enero de 2006, el peticionario presentó escrito intitulado “Contestación a la Demanda y Reconvención”. (Véase, Anejo 3 del Apéndice.)
Los recurridos incoaron “Réplica a la Reconvención” el 28 de febrero de 2006. (Véase, Anejo 4 del Apéndice.)
Asimismo, y pendientes ciertos trámites relacionados con los emplazamientos, el peticionario le remitió a la recurrida Elba Román un Aviso de Toma de Deposición para los días 24 y 25 de septiembre de 2006. Ello, como parte del descubrimiento de prueba y “ante la necesidad de obtener prueba para defenderse de la Demanda y/o sustentar las alegaciones de su Reconvención”. 
El 21 de septiembre de 2006, la recurrida Elba Román presentó escrito intitulado “Moción Urgente Solicitando Orden Protectora al Amparo de la Regla 23.2 de las de Procedimiento Civii”, en la que esbozó como razones para conceder la Orden Protectora las siguientes, a saber:

(i) La parte demandada (peticionaria) ha citado a los demandantes Cuevas y Martínez (recurridos) para tomar sus deposiciones el domingo 24 de septiembre de 2006, a las 10:00 de la mañana y ala 1:00 de la tarde.

(ii) El Ledo. Axel A. Vizcarra representaba al menor Charles Luis (peticionario) en el caso civil número KJV2004-2258. En ese caso, el Tribunal tomó la determinación de retirarle al Ledo. Vizcarra la autoridad para continuar representando al menor Charles Luis (peticionario). Más aún, el Tribunal designó al Ledo. Luis Cintrón Cintrón, como Defensor Judicial del menor Charles Luis (peticionario). Ambas determinaciones son finales y firmes.

(iii) El día 20 de julio de 2006 se celebró una vista en el caso civil número KJV2004-2258 ante el Comisionado Especial Designado, Ledo. Angel F. Rossy García. Durante esa vista, las partes en el caso del epígrafe acordaron que la parte demandante (recurrida) en este caso (KAC 2005-8502) sometería una propuesta transaccional en o antes del 20 de septiembre de 2006 para ser evaluada por las partes demandas. La propuesta de la parte demandante (recurrida) {señores Román, Martínez & Cuevas) no fue sometida al Ledo. Axel Vizcarra, porque el Ledo. Vizcarra NO representaba a ninguna parte en este caso;

(iv) El Ledo. Vizcarra no puede notificar ningún aviso de toma de deposición en el caso del epígrafe, pues el Ledo. Vizcarra NO está autorizado a representar a ninguna parte en el caso de epígrafe. ”

Véase, Anejo 7 del Apéndice.
El peticionario, mediante su representante legal, Ledo. Axel A. Vizcarra Pellot, instó debida oposición. En lo pertinente señaló que el escrito presentado era uno tardío y frívolo. Adujo:

4. Nótese (sic) el Honorable Tribunal que el menor (peticionario) que respetuosamente comparece tiene 
*849
derecho a defenderse ante los tribunales de cualquier acción que se lleve en su contra. También tenga presente el Honorable Tribunal, que son los padres con patria potestad los facultados por virtud del Artículo 153 del Código Civil de Puerto Rico, a representarles en dichas acciones.

6. Los demandantes (recurridos) incorrectamente indican que en el mencionado caso “el Tribunal tomó la decisión de retirarle al suscribiente (peticionario) la autoridad para continuar representando al menor (peticionario)”. Esto es sencillamente una falsa representación. En el referido caso se ha cuestionado la participación del abogado por un Comisionado que se ha designado para el mismo, quien actuando de manera ultra vires y contrario a derecho determinó reducir o limitar la participación del abogado que suscribe ante el nombramiento de un defensor judicial. Dicho nombramiento ha sido y está aún siendo cuestionado debido a las irregularidades bajo las cuales se obtuvo. Además, el defensor judicial no ha sido juramentado aún a su cargo, según dispone el Código de Enjuiciamiento Civil.

7. Ante la determinación del Comisionado, se presentaron las correspondientes objeciones, y el asunto está actualmente ante la consideración del Tribunal, a tenor con la Regla 41 de las de Procedimiento Civil....

8. Respetuosamente entendemos que-ni el Comisionado, ni el defensor judicial nombrado en dicho caso, tienen inherencia para tomar decisiones a nombre del menor (peticionario) en el presente caso. El caso mencionado por los demandantes (recurridos) versa sobre la expedición de cartas testamentarias a favor de la Albacea aquí demandante (recurrida), y los conflictos de intereses en los que está inmersa.

12. La moción radicada por los demandantes (recurridos) sólo persigue dilatar injustificadamente este procedimiento, ya que aparentemente hay unos alegados acuerdos cuestionables con el mencionado defensor judicial y la Procuradora de Menores asignada al caso, quienes han faltado a su deber de indagar sobre las alegaciones del menor (peticionario), y aparentan haberse alineado y puesto de acuerdo con los demandantes (recurridos) para salir rápido del caso y repartir el caudal.
...”. (Negrillas en el original.)
Véase, Anejo 8 del Apéndice.
Los recurridos instaron réplica. Adujeron que el peticionario no había esbozado fundamento en derecho alguno contra la Orden Protectora solicitada, limitándose a “ataques personales”. (Véase, Anejo 9 del Apéndice.) El peticionario, por su parte, presentó duplica.
El 17 de octubre de 2006, el Tribunal de Primera Instancia emitió la Orden recurrida. Mediante dicho dictamen, el foro a quo declaró Con Lugar la “Moción Urgente Solicitando Orden Protectora” presentada por la recurrida Elba Román.
Insatisfecho ante dicha determinación, el peticionario recurre ante nos. Procedemos a resolver.
II
En su escrito, el peticionario alega que incidió el Tribunal de Primera Instancia al emitir una Orden Protectora que lo priva de su derecho a un descubrimiento de prueba amplio y liberal, al dejar sin efecto los subpoenas para deposición dirigidos a los recurridos, basado en una solicitud plagada de argumentos frívolos y foráneos que se encuentran sub judice en otro caso distinto al de marras.
*850 ni
El auto de certiorari es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. El referido recurso es aquel dispuesto por el Art. 4.006 (b) de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, conocida como “Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003”. Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de certiorari de manera discrecional. Esta discreción, en nuestro ordenamiento jurídico, ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. Con relación al abuso de discreción, el Tribunal Supremo ha expresado:

“El juez, so pretexto de ejercer su discreción, no puede olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia, que han tenido a bien promulgar los funcionarios de las Ramas Legislativa y Ejecutiva... Los tribunales estamos autorizados a interpretar las leyes cuando, entre otras, éstas no son claras o concluyentes sobre un punto en particular; cuando el objetivo, al realizarlo, es el de suplir una laguna en la misma, o cuando, con el propósito de mitigar los efectos adversos de la aplicación de una ley a una situación en particular, la justicia así lo requiere. ”

Depto. de la Familia v. Shrivers Otero, 145 D.P.R. 351 (1998).
Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que debe tomar en consideración al atender una solicitud de expedición de un auto de certiorari. Dispone el referido precepto como sigue:

“Criterios para expedición del auto de certiorari

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. ”

Una vez el Tribunal de Apelaciones decide expedir el auto de certiorari, asume jurisdicción sobre el asunto en controversia y se coloca en posición de revisar los planteamientos en sus méritos. Asumir jurisdicción sobre *851 un asunto, expidiendo el auto de certiorari, ha sido definido como la autoridad en virtud de la cual los funcionarios judiciales conocen de las causas y las deciden. Constituye la facultad de oír y resolver una causa y de un tribunal a pronunciar sentencia o resolución conforme a la ley. Dicha jurisdicción incluye la facultad de compeler a la ejecución de lo decretado, y puede decirse que es el derecho de adjudicar con respecto al asunto de que se trata en un caso dado. J.R.T. v. A.E.E., 133 D.P.R. 1, 11 (1993). Si el Tribunal de Apelaciones asume jurisdicción sobre el asunto que tiene ante su consideración, mediante la expedición de un auto de certiorari, por entender que así se justifica a tenor con la referida Regla 40, cumple su función principal de revisar las decisiones del foro de instancia para asegurarse que las mismas son justas y que encuentran apoyo en la normativa establecida por este Tribunal. Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 673 (1989); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 822-823 (1980).
El certiorari es un recurso extraordinario discrecional, que debe ser utilizado con cautela y solamente por razones de peso. Pérez v. Tribunal de Distrito, 69 D.P.R. 4, 7 (1948). Éste procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. Pueblo v. Tribunal Superior, 81 D.P.R. 763, 767 (1960).
La denegatoria de expedir un auto de certiorari, no constituye una adjudicación en los méritos y es el ejercicio de la facultad discrecional del Tribunal Apelativo para no intervenir a destiempo con el trámite pautado por el foro de instancia, evitando que se dilate innecesariamente la resolución final del pleito. Regla 40 del Reglamento del Tribunal de Apelaciones, supra; Filiberty v. Soc. de Gananciales, 147 D.P.R. 834, 838 (1999).
La parte afectada con la denegatoria de expedirse el auto de certiorari, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro sentenciador. Negrón Placer v. Sec. de Justicia, 154 D.P.R. 79, 93 (2001); Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 658 (1997).
El Tribunal de Primera Instancia tiene la labor indelegable de velar y garantizar que los procedimientos y asuntos ante su consideración se ventilen sin demora. Maldonado v. Secretario de Recursos Naturales, 113 D.P.R. 494 (1982). Los tribunales apelativos reconocen la difícil tarea y retos que recaen sobre los tribunales de instancia en sus esfuerzos por acelerar los procedimientos y efectivamente administrar un número creciente de casos, tanto en términos cuantitativos como en complejidad. Como norma general, se respetan las decisiones procesales tomadas por los jueces en el ejercicio prudente de su discreción para dirigir y conducir los procedimientos que ante ellos se siguen. Los jueces del Tribunal de Primera Instancia gozan de amplia discreción para gobernar esos procedimientos. Al ejercerla, deben conseguir un balance justo entre el interés de que los pleitos se vean y resuelvan en sus méritos y el interés de no permitir demoras innecesarias en el trámite judicial para evitar congestión en los calendarios y todas las controversias y gastos que ello genera a las partes. Lluch v. España Service Sta., 117 D.P.R. 729 (1986); Fine Art Wallpaper v. Wolf, 102 D.P.R. 451 (1974).
Gozan, además, de amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia, Vives Vázquez v. E.L.A., 142 D.P.R. 117 (1996); y están llamados a intervenir activamente para manejar los procesos y dirigirlos de forma tal que se logre una solución justa, rápida y económica de los casos según prescribe la Regla 1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III; Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838 (1986).
En armonía con tal normativa, la función de un tribunal apelativo en la revisión de controversias requiere que se determine si la actuación del tribunal de primera instancia constituyó un abuso de la discreción en la conducción de los procedimientos ante sí. Al realizar tan delicada función, un tribunal apelativo no debe intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio *852 sustancial. Véase, Lluch v. España Service Sta., supra; Zorniak v. Cessna, 132 D.P.R. 170 (1992).
Como la discreción está atada a la razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, Pueblo v. Sánchez González, 90 D.P.R. 197 (1964), en la medida que el curso de acción de un tribunal en el ejercicio de su discreción para conducir los procedimientos sea irrazonable o poco sensato, en esa medida estará abusando de su discreción. De otro modo, no abusa de la discreción, si la medida que toma es razonable.
Por último, y con relación a determinaciones procesales interlocutorias y discrecionales, los tribunales apelativos no deben sustituir el criterio utilizado por el tribunal de primera instancia en el ejercicio de su discreción por el suyo propio, salvo cuando el tribunal de primera instancia ha incurrido en arbitrariedad o craso abuso de discreción. García v. Asoc. Suscrip. Conjunta, opinión de 12 de julio de 2005, 165 D.P.R. _ (2005) 2005 J.T.S. 108; Meléndez v. Caribbean Int'l News, 151 D.P.R. 649 (2000).
IV
Dentro del marco jurídico y doctrinal antes expuesto, procedemos a resolver la controversia ante nos. Analizado el tracto procesal del caso de autos, somos de opinión que no incidió el Tribunal de Primera Instancia, en esta etapa de los procedimientos, al emitir la Orden Protectora.
El peticionario descansa su argumentación en que no existe justificación válida para haberle concedido la Orden Protectora a la recurrida. En una escueta argumentación, el peticionario sostiene que la solicitud de la Orden Protectora era una “totalmente carente de fundamentos pertinentes al caso ante su consideración, y carente de fundamentos válidos en derecho que hicieran meritorio dicho remedio”. Diferimos de lo planteado.
Comencemos apuntando que la solicitud de la recurrida Elba' Román, en esta etapa, y ante las particularidades del caso de autos, fue una fundamentada y justificada a tenor con el ordenamiento procesal jurídico.
Si bien es cierto que las Reglas de Procedimiento Civil, en general, delegan en los abogados el trámite de descubrimiento de prueba, para fomentar una mayor flexibilidad y minimizar la intervención del tribunal en esta etapa, Vicenti v. Saldaña, 157 D.P.R. 37 (2002); Rivera y otros v. Bco. Popular, 152 D.P.R. 140 (2000), ello no implica que el tribunal no deba intervenir en casos apropiados para evitar abuso en el proceso y para reglamentar el trámite ordenado del caso. Alfonso Brú v. Trane Export, Inc., 155 D.P.R. 158 (2001); Chévere v. Levis Goldstein, 150 D.P.R. 525 (2000); Amaro González v. First Fed. Savs., 132 D.P.R. 1,042, 1,054 (1993); Lluch v. España Service Sta., supra.
La Regla 23.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 23.2, provee para la emisión de órdenes protectoras por el tribunal, requerida en justicia “para proteger a dicha parte o persona [la que es objeto de descubrimiento] de hostigamiento, perturbación u presión, así como de cualquier gasto o molestia indebido”. Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210 (1982). La orden del tribunal podrá decretar, por justa causa, entre otras medidas, que el descubrimiento se realice de conformidad con los términos y condiciones que se dispongan, incluyendo la designación de fecha y sitio.
Colegimos de lo anterior que existen tres (3) asuntos a examinar: si la información solicitada es pertinente; si es de carácter privilegiado, y si procede dictar en estas circunstancias una orden protectora.
Es de recordar que el tribunal de instancia goza de amplia discreción para pautar el manejo de los casos ante su consideración, a fin de lograr la búsqueda de la verdad y que sean adjudicados de manera rápida y correctamente. Como foro intermedio apelativo, no vamos a intervenir con el ejercicio de tal autoridad, excepto *853 se demuestre que medió craso abuso de discreción, que hubo una interpretación o aplicación errónea de una norma procesal o sustantiva de derecho y que la intervención revisora evitará perjuicio sustancial a la parte alegadamente afectada. García v. Asociación, supra.
En el caso de autos, existen ciertas particularidades que ameritaban la intervención del foro a quo. Observamos qiie en el pleito KJV2004-2258, el cual está paralizado en espera de la intervención de otro Panel de este Tribunal, se están atacando ciertos issues que podrían incidir colateralmente en la controversia ante nuestra consideración.
Sin embargo, reiteramos que la denegatoria de expedir un auto de certiorari, constituye el ejercicio de la facultad discrecional del tribunal apelativo para no intervenir a destiempo con el trámite pautado por el foro de instancia, evitando que se dilate innecesariamente la resolución final del pleito. Núñez Borges v. Pauneto Rivera, 130 D.P.R. 749, 755-756 (1992). Por lo tanto, al denegarse expedir el auto de certiorari de una determinación interlocutoria del foro de instancia, no impide que una vez resuelto el caso, la parte afectada acuda en apelación o con el recurso correspondiente, a cuestionar la validez jurídica del dictamen. Bco. Popular de P.R. v. Mun. de Aguadillo, 144 D.P.R. 651, 658, n. 2 (1997).
V
Por las razones esbozadas anteriormente, se deniega la expedición del auto de certiorari.
Así lo acordó el Tribunal y lo certifica la Secretaria Interina del Tribunal de Apelaciones.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
ESCOLIOS 2007 DTA 26
1. El caso de autos fue reasignado a este Panel el 22 de diciembre de 2006.
2. El peticionario, quien es menor de edad, reside con su madre en República Dominicana. El Ledo. Luis Cintrón Cintrón fue designado su Defensor Judicial mediante Orden de 18 de octubre de 2005 en el Caso Civil Núm. KJV2004-2258. (Véase, pág. 9 del Apéndice.)
3. Falleció el 1 de junio de 2004, en República Dominicana.
4. Véase, Anejo 2 del Apéndice, a la pág. 2.
5. Véase, pág. 3 de la Petición de Certiorari.
6. Véase, pág. 6 de la Petición de Certiorari.