Pabón Chameco, Jueza Ponente
*981 TEXTO COMPLETO DE LA RESOLUCIÓN
Comparece ante nos, el Banco Popular de Puerto Rico, en adelante, el B.P.P.R., solicitando la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen, el tribunal a quo denegó una solicitud del B.P.P.R. a los efectos de presentar un perito.
Por las razones que esbozamos a continuación, se deniega la expedición del auto solicitado.
I
Conforme se desprende del recurso KLCE-2005-01784 y del expediente ante nuestra consideración, la Hermandad Independiente de Empleados Profesionales de la Autoridad de Acueductos y Alcantarillados, en adelante, H.I.E.P.A.A.A., instó Demanda sobre Acción Civil contra Carmen Iris Pérez Rosario, su esposo Luis Reyes y la Sociedad de Bienes Gananciales, en adelante, la señora Pérez. Surge del escrito que la señora Pérez era la Tesorera de la H.I.E.P.A.A.A. Entre sus funciones, la señora Pérez llevaba a cabo el manejo de las finanzas de la unión. A su vez, tenía la obligación de recibir los cheques y dinero librado a favor de la H.I.E.P. A.A.A. y depositarlos en una cuenta a nombre de la referida organización. En la Demanda instada, la H.I.E.P.A. *982 A.A. alegó que su Junta de Directores había observado ciertas deficiencias en la operación fiscal de la organización, razón por la cual se realizó una investigación. Dicha investigación reveló que la señora Pérez se había apropiado ilegalmente de ciertos cheques y dinero de su propiedad.
En consecuencia, y conforme reseñado, el 27 de septiembre de 2000, la H.I.E.P.A.A.A. presentó la Demanda (Civil Núm. KAC20005611). De las alegaciones se desprende que el patrón de fraude consistió en que la señora Pérez recibía los cheques librados a favor de la H.I.E.P.A.A.A., los endosaba fraudulentamente y los depositaba en su cuenta personal en el B.P.P.R.
En consecuencia, la H.I.E.P.A.A.A. solicitó se declarara Con Lugar la Demanda presentada, así como se le resarciera por los daños y perjuicios sufridos.
Posteriormente, el 2 de enero de 2001, la H.I.E.P.A.A.A. presentó Demanda contra el B.P.P.R. y la Compañía de Seguros X, Y, y Z (KAC20010014). En su Demanda, la H.I.E.P.A.A.A. adujo que el B.P.P.R. “permitió deforma negligente e ilegal el depósito de cheques librados a favor de la institución gremial en una cuenta personal, a pesar que le constaba o le debía constar la ilegitimidad de los endosos La H.I.E.P.A.A. A. alegó que la actuación de la señora Pérez se había debido en gran medida a que el B.P.P.R. falló en su deber de diligencia al omitir poner en práctica las normas operacionales internas, las obligaciones de ley y las reglamentarias aplicables a la referida institución bancaria.
Al igual que en la Demanda instada contra la señora Pérez, la H.I.EP.A.A.A. reclamó compensación por los daños y perjuicios alegadamente sufridos como consecuencia de los sucesos anteriormente narrados. El 17 de abril de 2001, el B.P.P.R. presentó alegación responsiva.
Luego de varios trámites procesales en el Caso Civil Núm. KAC20010014, el 28 de enero de 2002, ambos casos fueron consolidados por el tribunal a quo mediante Orden emitida al efecto.
Transcurridos varios trámites procesales que incluyeron una Demanda contra-coparte del B.P.P.R. contra la señora Pérez, la presentación de una solicitud de sentencia sumaria del B.P.P.R. y un recurso ante este Tribunal (KLCE-2005-01784), el 26 de mayo de 2006, el B.P.P.R. instó escrito intitulado “Moción para Anunciar Perito de la Parte Demandada (B.P.P.R.)”.
En la misma le solicitó al Tribunal de Primera Instancia tomara conocimiento de la contratación de un perito, C.P.A. Carlos Baralt, para “asistir a este Honorable Tribunal, entre otras cosas, a tomar una determinación sobre la validez de la reclamación de la parte demandante (H.I.E.P.A.A.A.) en el caso de epígrafe y las defensas afirmativas levantadas por el Banco Popular”. (Véase, pág. 392 del Apéndice.)
El 16 de junio de 2006, el Tribunal de Primera Instancia emitió una Orden dándose por enterado. Luego de varios incidentes procesales, el 14 de agosto de 2006, notificada el 25 de agosto de 2006, el Tribunal de Primera Instancia emitió una Resolución. Surge de la Resolución lo siguiente:

“Presentadas las causas de acción desde los años 2000 y 2001, el 19 de enero de 2006, señalamos la vista del juicio en su fondo para el 11, 12 y 13 de septiembre de 2006. En esa fecha, la parte demandante (H.I.E.P.A. A.A) objetó la presentación de un perito por el Banco Popular de Puerto Rico (B.P.P.R.) por ser tardía. Examinado el expediente, encontramos que no fue hasta el 26 de mayo de 2006 que el Banco Popular de Puerto Rico (B.P.P.R.) identificó la persona que sería utilizado (sic) como perito. En ese escrito, informó el Banco (B.P.P.R.) que el perito se encontraba en el “proceso de preparar su informe...”.

Durante la vista señalada para el 8 de agosto de 2006, la parte demandante (H.I.E.P.A.A.A) reiteró su oposición a que se permitiera el anuncio del perito, ya que el juicio está señalado para el mes de septiembre de *983 2006. Especificó, que permitir al perito en esta etapa de los procedimientos significaría, ciertamente, la suspensión del juicio señalado, ya que el demandante (H.I.E.P.A.A.A) tendría que tomar la deposición y posiblemente anunciar un perito, causando esto el atraso de los procedimientos.

Al preguntársele al abogado del Banco Popular de Puerto Rico (B.P.P.R.) las razones por las cuales se esperó hasta el 2006para contratar un perito, contestó que el Banco (B.P.P.R.) lo había decidido así.

Coincidimos con la parte demandante (H.I.E.P.A.A.A); permitir la contratación de un perito en este momento, conllevaría reabrir los mecanismos del descubrimiento de prueba y tener que reseñalar el juicio causando una atraso que perjudicaría a la parte demandante (H.I.E.P.A.A.A), quien ha reiterado estar listo para juicio.

Evaluados los autos y conforme la naturaleza de los hechos de este caso, no entendemos que el Banco (B.P. P.R.) quedaría perjudicado con esta decisión.

(Énfasis suplido.)
Véanse, págs. 413-415 del Apéndice.
El 14 de diciembre de 2007, el B.P.P.R. presentó escrito titulado “Moción en Torno Moción en Cumplimiento de Orden y otros Extremos”. Mediante la misma le expresó al Tribunal de Primera Instancia que, aunque estaban conscientes de que la prueba pericial había sido denegada, entendían que la razón de la denegatoria, a saber, la proximidad de la vista en su fondo, no estaba presente. Planteó que la medida “severa” de excluir del juicio el testimonio de un testigo crucial, i.e. el perito, era análoga a la medida extrema de la desestimación, por lo que sólo se debía utilizar en circunstancias excepcionales.
El 5 de diciembre de 2007, notificada el 26 de diciembre de 2007, el Tribunal de Primera Instancia denegó la solicitud del B.P.P.R.
Inconforme, el B.P.P.R. acude ante nos. Procedemos a resolver.
II
En su escrito, B.P.P.R. plantea que incidió el Tribunal de Primera Instancia al denegar la solicitud para que se autorizara la designación de su perito C.P.A. Carlos Baralt por entender que dicha solicitud fue denegada anteriormente, en consecuencia, que constituye la ley del caso y que dicho dictamen es contrario al estado de derecho vigente en Puerto Rico y atenta contra el debido proceso de ley del peticionario.
III
El auto de certiorari es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. El referido recurso es aquél dispuesto por el Art. 4.006 (b) de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, conocida como “Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003”. Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de certiorari de manera discrecional. Esta discreción, en nuestro ordenamiento jurídico, ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. Con relación al abuso de discreción, el Tribunal Supremo ha expresado:

“El juez, so pretexto de ejercer su discreción, no puede olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia, que 
*984
han tenido a bien promulgar los funcionarios de las Ramas Legislativa y Ejecutiva... Los tribunales estamos autorizados a interpretar las leyes cuando, entre otras, éstas no son claras o concluyentes sobre un punto en particular; cuando el objetivo, al realizarlo, es el de suplir una laguna en la misma, o cuando, con el propósito de mitigar los efectos adversos de la aplicación de una ley a una situación en particular, la justicia asi lo requiere. ”

Depto. de la Familia v. Shrivers Otero, 145 D.P.R. 351 (1998).
Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que debe tomar en consideración al atender una solicitud de expedición de un auto de certiorari. Dispone el referido precepto como sigue:

“Criterios para expedición del auto de certiorari

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. ”

El certiorari es un recurso extraordinario discrecional, que debe ser utilizado con cautela y solamente por razones de peso. Pérez v. Tribunal de Distrito, 69 D.P.R. 4, 7 (1948). Éste procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. Pueblo v. Tribunal Superior, 81 D.P.R. 763, 767 (1960).
La denegatoria de expedir un auto de certiorari, no constituye una adjudicación en los méritos y es el ejercicio de la facultad discrecional del Tribunal Apelativo para no intervenir a destiempo con el trámite pautado por el foro de instancia, evitando que se dilate innecesariamente la resolución final del pleito. Regla 40 del Reglamento del Tribunal de Apelaciones, supra; Filiberty v. Soc. de Gananciales, 147 D.P.R. 834, 838 (1999).
La parte afectada con la denegatoria de expedirse el auto de certiorari, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro sentenciador. Negrón Placer v. Sec. de Justicia, 154 D.P.R. 79, 93 (2001); Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 658 (1997).
*985 El Tribunal de Primera Instancia tiene la labor indelegable de velar y garantizar que los procedimientos y asuntos ante su consideración se ventilen sin demora. Maldonado v. Secretario de Recursos Naturales, 113 D.P. R. 494 (1982). Los tribunales apelativos reconocen la difícil tarea y retos que recaen sobre los tribunales de instancia en sus esfuerzos por acelerar los procedimientos y efectivamente administrar un número creciente de casos, tanto en términos cuantitativos como en complejidad. Como norma general, se respetan las decisiones procesales tomadas por los jueces en el ejercicio prudente de su discreción para dirigir y conducir los procedimientos que ante ellos se siguen. Los jueces del Tribunal de Primera Instancia gozan de amplia discreción para gobernar esos procedimientos. Al ejercerla, deben conseguir un balance justo entre el interés de que los pleitos se vean y resuelvan en sus méritos y el interés de no permitir demoras innecesarias en el trámite judicial para evitar congestión en los calendarios y todas las controversias y gastos que ello genera a las partes. Lluch v. España Service Sta., 117 D.P.R. 729 (1986); Fine Art Wallpaper v. Wolf, 102 D.P.R. 451 (1974).
Gozan, además, de amplia facultad para disponer de los procedimientos ante su consideración, de forma que se pueda asegurar la más eficiente administración de la justicia, Vives Vázquez v. E.L.A., 142 D.P.R. 117 (1996); y están llamados a intervenir activamente para manejar los procesos y dirigirlos de forma tal que se logre una solución justa, rápida y económica de los casos según prescribe la Regla 1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III; Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838 (1986). En armonía con tal normativa, la función de un tribunal apelativo en la revisión de controversias requiere que se determine si la actuación del Tribunal de Primera Instancia constituyó un abuso de la discreción en la conducción de los procedimientos ante sí. Al realizar tan delicada función, un tribunal apelativo no debe intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. Véase, Lluch v. España Service Sta., supra; Zorniak v. Cessna, 132 D.P.R. 170 (1992).
Como la discreción está atada a la razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, Pueblo v. Sánchez González, 90 D.P.R. 197 (1964), en la medida que el curso de acción de un tribunal en el ejercicio de su discreción para conducir los procedimientos sea irrazonable o poco sensato, en esa medida estará abusando de su discreción. De otro modo, no abusa de la discreción, si la medida que toma es razonable.
Por último, y con relación a determinaciones procesales interlocutorias y discrecionales, los tribunales apelativos no deben sustituir el criterio utilizado por el tribunal de primera instancia en el ejercicio de su discreción por el suyo propio, salvo cuando el tribunal de primera instancia ha incurrido en arbitrariedad o craso abuso de discreción. García v. Asociación, res. en 12 de julio de 2005, 165 D.P.R._(2005), 2005 J.T.S. 108; Meléndez v. Caribbean Int'l News, 151 D.P.R. 649 (2000).
Por otro lado, el principio rector de nuestras Reglas de Procedimiento Civil es que las controversias planteadas puedan resolverse de forma justa, rápida y económica. Regla 1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 1; Reyes v. Cantera Ramos, Inc., 139 D.P.R. 925 (1996); Lluch v. España Service Sta., supra.
En materia de descubrimiento de prueba, toda parte en una litigación tiene derecho a obtener antes del juicio toda la información que esté en posesión de cualquier persona y que resulte pertinente a la adjudicación de la controversia. Es a través del descubrimiento de prueba, como preludio al juicio, en el cual se comienza a indagar sobre los méritos de un caso. Se persigue, por tanto, que no se convierta la justicia en un juego, ni un deporte, sino una empresa formal a ser conducida seriamente. E.L.A. v. Casta, 162 D.P.R. 1 (2004), citando a Cuevas Segarra, José, Práctica Procesal Puertorriqueña: Procedimiento Civil, Vol. II, San Juan, Publicaciones J.T.S., 2000, pág. 468.
La Regla 23.1 de las de Procedimiento Civil expone el alcance del descubrimiento de prueba de la siguiente *986 manera:

“23.1 Alcance del descubrimiento

El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:

En General.- Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualquiera libros, documentos u otros objetos tangibles y la identidad y dirección de las personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible”. 32 L.P.R.A. Ap. III, R. 23.1.
Del citado precepto legal, se desprende el principio conocido que el alcance del descubrimiento de prueba es uno amplio y liberal, de manera que se logren soluciones justas, rápidas y económicas a las controversias existentes entre las partes. Rodríguez v. Syntex, 160 D.P.R. 364 (2003); Lluch v. España Service Sta., supra. Valga mencionar que en los casos civiles, este principio de liberalidad y amplitud goza de un mayor afierro. Ades v. Zalman, 115 D.P.R. 514 (1984); Rivera Alejandro v. Algarín, 112 D.P.R. 830 (1982).
En consideración a lo anterior, el Tribunal de Primera Instancia tiene amplia discreción para pautar el procedimiento sobre descubrimiento de prueba que se va a seguir. Vellón v. Squibb Mfg. Inc., 117 D.P.R. 838, 849 (1986). Acorde con los principios antes esbozados, el tribunal viene obligado a cumplir con la máxima de llevar a cabo un proceso justo para las partes, asumiendo un rol activo en el mismo y como tal tiene discreción para limitar o extender el alcance para descubrir prueba. Como norma general, también tiene el tribunal poderes específicos de supervisión a través de los mecanismos particulares de descubrimiento de prueba y el poder para sancionar a la parte que es compelida y se rehúsa a cumplir las órdenes dirigidas a descubrir prueba. Véase, Regla 34.2 de las de Procedimiento Civil, supra, R. 34.2; Granados v. Rodríguez Estrada II, 124 D.P.R. 593 (1989); Dávila v. Hospital San Miguel Inc., 117 D.P.R. 807 (1986.
Por su parte, la Regla 23.1(c) de las de Procedimiento Civil, supra, referente al alcance del descubrimiento de prueba pericial, establece lo siguiente:

“(c) Peritos. El descubrimiento de prueba pericial podrá llevarse a cabo como sigue:

1. Una parte podrá, a través de interrogatorios, requerir a cualquier otra parte que suministre el nombre y la dirección de los peritos que haya consultado y de los que intente presentar en el juicio. Respecto a estos últimos, podrá requerirse a la parte que exprese la materia sobre la cual el perito se propone declarar, así como un resumen de sus opiniones y una breve expresión de las teorías, hechos o argumentos que sostienen la misma. A solicitud de parte, el tribunal podrá ordenar el descubrimiento de prueba pericial por cualquier otro medio, sujeto a aquellas condiciones o limitaciones que estime razonables.

2. Una parte podrá hacer uso de los métodos de descubrimiento en relación a hechos conocidos u opiniones de un perito que ha sido contratado por otra parte con anterioridad al pleito o en preparación para el juicio y el cual no podrá de ser llamado a testificar solamente si se demostraren circunstancias excepcionales que hagan impráctico para la parte que interese el descubrimiento obtener hechos u opiniones sobre la misma materia, por otros medios o en el caso que dispone la Regla 32.2.

3. El tribunal ordenará a la parte que solicita el descubrimiento que pague al perito honorarios razonables 
*987
por el tiempo invertido por el descubrimiento. Si la parte que interesa el descubrimiento de prueba pericial demostrara al tribunal que carece de los medios económicos para sufragar dichos honorarios, el tribunal podrá ordenar el descubrimiento, en los términos y condiciones que estime justos y razonables. ”

El propósito primordial de permitir el descubrimiento de prueba pericial es el que la parte contraria pueda prepararse adecuadamente para contrainterrogar efectivamente al perito y refutar su testimonio. Boitel Santana v. Cruz, 129 D.P.R. 725 (1992).
En Rivera Alejandro v. Algarín, 112 D.P.R. 830 (1982), el Tribunal Supremo, al interpretar la referida regla, se expresó como sigue:

“[n]o obstante, en cuanto al descubrimiento de prueba pericial de la parte contraria, la Regla 23.1(c) provee restricciones adicionales. El inciso primero de esa regla le concede al tribunal la facultad de imponer las condiciones y limitaciones que estime necesarias para el descubrimiento de prueba pericial que la parte contraria intente presentar en el juicio. ...”.

IV
Examinada la normativa aplicable y los escritos y documentos que obran en el expediente, procede que la apliquemos a los hechos ante nos.
Comencemos apuntando que surge de la Resolución recurrida lo siguiente:

“El Ledo. Eyck O. Lugo Rivera, representante del Banco Popular de Puerto Rico (B.P.P.R.), solicitó varios documentos de índole financiera, a lo cual la parte demandante (H.I.E.P.A.A.A.), representada por el Ledo. Raúl Aponte Sánchez, expresa no tener reparo en entregar.

El licenciado Lugo anuncia, además, su interés en utilizar los servicios de un perito y deponer al Sr. Arturo Soto, anterior presidente de la demandante (H.I.E.P. A. A. A.) y supervisor de la Sra. Carmen Iris Pérez Rosario.

La parte demandante (H.I.E.P.A.A.A.) se opone a la participación de un perito en la etapa procesal avanzada en que se encuentra el caso ante nos; arguye que este asunto fue previamente dirimido por este Tribunal, lo cual constituye “la ley del caso ” y atrasaría el trámite del mismo ante la necesidad recíproca de contratar, deponer y rendir informes de peritos por las partes.

Sometidos los planteamientos de las partes, este Tribunal ha evaluado la totalidad del expediente del caso que nos ocupa y considerando los años transcurridos desde la presentación de los casos, este Tribunal coincide con la apreciación de la parte demandante (H.I.E.P.A. A.A.) en que el asunto fue previamente dirimido por este Tribunal, mediante Resolución dictada el 14 de agosto de 2006. Así las cosas, dictaminamos No Ha Lugar a la solicitud de la parte demandada (B.P.P.R.) de presentar perito. ” (Enfasis suplido.)
Véanse, págs. 577-578 del Apéndice.
Concurrimos con lo resuelto por el Tribunal de Primera Instancia y no detectamos abuso de discreción por su parte.
Surge del expediente que la Demanda en el caso de autos, a saber, KAC2001-0014, fue instada el 2 de enero de 2001 y no fue hasta mayo del 2006 que el B.P.P.R. identificó a la persona que serviría como perito en el caso. Más aún, de la Resolución de 14 de agosto de 2006, notificada el 25 de agosto de 2006, se desprende que la única razón que tuvo el B.P.P.R. para esperar hasta el 2006 para contratar al perito, fue sencillamente porque así lo había decidido. (Véanse págs. 413-415 del Apéndice.)
*988 Por otro lado, alega el B.P.P.R. en su escrito que:

“Sin embargo, a raíz de la expedición del auto de certiorari por este Honorable Tribunal en el Caso Núm. KLCE-2005-01784, así como la correspondiente sentencia revocatoria, se suspendió el señalamiento de juicio y se reabrió el descubrimiento de prueba. Por ende, las razones aducidas por el TPIpara denegar el testimonio pericial en aquella ocasión desaparecieron. ”

No le asiste razón al B.P.P.R. En la aludida Sentencia, este Tribunal dispuso lo siguiente:
“En consecuencia, corresponde devolver el caso al foro primario, el cual deberá conceder la oportunidad a la Unión de indicar y justificar si posee prueba capaz de establecer el elemento de mala fe, según aquí establecido, más allá de su alegación de falta de cuidado ordinario. Si tal no fuera el caso, deberá desestimarse la reclamación de daños y perjuicios al amparo del Art. 1802. ”
Colegimos de lo anterior que lo señalado por este Tribunal no incidía en el descubrimiento de prueba, en cuanto al perito.
Por lo tanto, coincidimos con el Tribunal de Primera Instancia en que permitir el testimonio de un perito en esta etapa de los procedimientos, conllevaría reabrir los mecanismos de descubrimiento de prueba, causando así una dilación innecesaria. A su vez, en esta etapa de los procedimientos, sería prolongar el pleito causándole perjuicio a la H.E.I.P.A.A.A., quien se ha opuesto al petitorio del B.P.P.R.
Somos de opinión que el B.P.P.R. debió ser diligente y ejercer su derecho a tiempo. El daño que alega sufrirá es uno autoinñijido, producto de su decisión que no justificó; sin existir razón válida alguna que justificara la tardanza en anunciar el testimonio pericial.
Si bien es cierto que las partes tienen derecho a realizar un extenso descubrimiento de prueba para evitar así las sorpresas en el juicio (lo que tendría el efecto de dilatar aún más los procedimientos), no es menos cierto que los casos no deben tener vida eterna en los tribunales. En el caso de autos, el B.P.P.R. tuvo tiempo para anunciar su perito, por lo que su solicitud es a todas luces tardía. El B.P.P.R. no ha demostrado que el Tribunal de Primera Instancia hubiese actuado con pasión, prejuicio o parcialidad al emitir la Resolución objeto del recurso. Menos aún, no nos ha mostrado que hubiese hecho mal uso de su discreción al emitir su decisión.
Sabido es que la demora y falta de diligencia en la tramitación de los pleitos en los tribunales es y ha sido preocupación de los componentes del sistema judicial, Lluch v. España Service, Sta., supra. Dilatar aún más este pleito va contra el mandato de la Regla 1 de las de Procedimiento Civil, supra, a los efectos de que los procedimientos se diluciden de manera justa, rápida y económica.
V
Por las razones arriba esbozadas, se deniega la expedición del auto solicitado.
Así lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2008 DTA 39
1. Véase, pág. 5 del Apéndice.
*989 2. Este Tribunal, mediante Sentencia, expidió el auto solicitado y revocó una determinación del Tribunal de Primera Instancia.
3. Caso KLCE-2005-01784. Resuelto el 22 de diciembre del 2006.